UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 18-62251-CIV-ALTMAN/HUNT

DANIELLE MALCOM for DM,

    Plaintiff,

v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on the Parties' cross motions for summary judgment. (ECF Nos. 32, 35). The Honorable Roy Altman, United States District Court Judge, referred all pretrial motions to the undersigned United States Magistrate Judge. (ECF No. 6). Upon thorough review of the Motions, the entire case file, the applicable law, and being otherwise duly advised in the premises, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Summary Judgment, ECF No. 32, be DENIED and that Defendant's Motion for Summary Judgment, ECF No. 35, be GRANTED.

## **BACKGROUND**

### **I.  Procedural History**

Danielle Malcolm on behalf of DM, Plaintiff, filed for Disability Insurance Benefits and Supplemental Security Income on July 14, 2015, alleging a disability commencing on

December 1, 2010.[1]  ECF No. 32 at 1.  These claims were denied both initially and after reconsideration.  Tr. 10.  Plaintiff then requested a hearing before an Administrative Law Judge (ALJ) which took place on October 23, 2017.  *Id.*  Both Plaintiff and his mother testified at the hearing. *Id.*  Plaintiff's application was ultimately denied and the ALJ issued an unfavorable decision on February 7, 2018.  Tr. 29.  The Appeals Council denied Plaintiff's request for review on July 20, 2018.  Tr. 1.  Having exhausted all administrative remedies, this case is properly before this Court.

## II.     Social Security Framework

To determine whether a claimant under the age of 18 is disabled, the Social Security Regulations outline a three-step process: At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity (SGA). SGA is defined as "work activity that is both substantial and gainful." Tr. 11. "Substantial work activity" is work activity that involves engaging in physical or mental activities. 20 C.F.R. 415.972(a). Further, "gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. 416.972(b). If the claimant is not engaged in SGA, the analysis moves to the second step.

In the second step of the analysis, the ALJ must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. 416.924(a). For an individual who is under the age of 18, a

---

[1] Although Plaintiff alleged that Claimant became disabled on December 1, 2010, a claimant is only eligible for SSI in the first month where he was both disabled and had an SSI application on file. *See* 20 C.F.R. §§ 416.202(g), 416.203(a), 416.501 (2017); *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). Therefore, the relevant inquiry in this case is whether Plaintiff established that Claimant was disabled on or after July 14, 2015, the date Plaintiff filed the SSI application.

medically determinable impairment or combination of impairments is not severe if it is a slight abnormality or a combination of slight abnormalities that causes no more than functional limitations. 20 C.F.R. 416.924(c). The inquiry ends if the claimant's impairments are not severe, but if they are severe the analysis proceeds to the third step.

At the third step, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the severity of a listing, or that functionally equals the listings. The ALJ must consider the combined effect of all medically determinable impairments, even those that are not severe. 20 C.F.R. 916.923, 416.924a(b)(4), and 416.926a(a) and (c). If a claimant has an impairment or combination of impairments that meets or medically equals the severity of, or functionally equals, the listings, and it has lasted or is expected to last for a continuous period of at least 12 months, he is presumed disabled. If not, the claimant is found to be not disabled. 20 C.F.R. 416.924(d). In determining whether an impairment or combination of impairments functionally equals the listing, the ALJ must assess the claimant's functioning in the following six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. Tr. 12. In assessing how appropriately, effectively, and independently the claimant performs activities, the ALJ must compare the claimant's performance to the performance of other children of the same age who do not have impairments. Tr. 12. To functionally equal the listings, the claimant's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. 416.926a(d)).

When assessing whether the claimant has "marked" or "extreme" limitations, the ALJ must consider the functional limitations from all medically determinable impairments, including any impairments that are not severe. 20 C.F.R. 416.926a(a). Further, the ALJ must consider the interactive and cumulative effects of the claimant's impairment or multiple impairments in any affected domain. 20 C.F.R. 416.926a(c).

Additionally, Social Security regulation 20 C.F.R. 416.926a(e)(2) explains that a child has a "marked limitation" in a domain when his impairment(s) "interferes seriously" with the ability to independently initiate, sustain, or complete activities. A child's day-to-day functioning may be seriously limited when the impairment(s) limits only one activity or when the interactive and cumulative effects of the impairment(s) limit several activities. Furthermore, the regulations also explain that a "marked" limitation also means: (1) a limitation that is "more than moderate" but "less than extreme," (2) the equivalent of functioning that would be expected on standardized testing with scores that are at least two, but less than three, standard deviations below the mean, (3) a valid score that is two standard deviations or more below the mean, but less than three standard deviations, on a comprehensive standardized test designed to measure ability or functioning in that domain, and his day-to-day functioning in domain-related activities is consistent with that score, and (4) for the domain of health and physical well-being, frequent episodes of illnesses because of the impairment(s) or frequent exacerbations of the impairment(s) that result in significant, documented symptoms or signs that occur: (a) on an average of 3 times a year, or once every 4 months, each lasting 2 weeks or more, (b) more often than 3 times a year or once every 4 months, but not lasting for two weeks, or (c) less often than an average of 3 times a year or once every 4 months but lasting longer than 2 weeks,

if the overall effect (based on the length of the episode(s) or its frequency) is equivalent in severity.

Moreover, Social Security regulation 20 C.F.R. 416.926a(e)(3) explains that a child has an "extreme" limitation in a domain when his impairment(s) interferes "very seriously" with his ability to independently initiate, sustain, or complete activities. A child's day-to-day functioning may be very seriously limited when his impairment(s) limits only one activity or when the interactive and cumulative effects of his impairment(s) limit several activities. Further, the regulations also explain than an "extreme" limitation also means: (1) a limitation that is "more than marked," (2) the equivalent of functioning that would be expected on standardized testing with scores that are at least three standard deviations below the mean, (3) a valid score that is three standard deviations or more below the mean on a comprehensive standardized test designed to measure ability or functioning in that domain, and his day-to-day functioning in domain-related activities is consistent with that score, and (4) for the domain of health and physical well-being, episodes of illness, or exacerbations that result in significant, documented symptoms or signs substantially in excess of the requirements for showing a "marked" limitation.

Here, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity (SGA) since July 14, 2015, the application date. Tr. 13. At step two, the ALJ determined that Plaintiff had the following severe impairments: speech-language disorder and specific learning disorder. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20

C.F.R. 416.924, 416.925 and 416.926). *Id.* Therefore, the ALJ found that Plaintiff was not disabled. Tr. 28.

### III.     Standard of Review

Judicial review of the ALJ's decision in a disability case is "limited to an inquiry into whether there is substantial evidence to support the findings of the [ALJ], and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d, 1219, 1221 (11th Cir. 2002) (citing 42 U.S.C. § 405(g)). Whether the ALJ applied the correct legal standards is a question of law, which this Court reviews de novo. *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, "taking into account evidence favorable as well as unfavorable to the decision." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). Even if the evidence preponderates against the ALJ's decision, the reviewing court must affirm if the decision applies the correct legal standard and is supported by substantial evidence. *Id.* (citing *Phillips*, 357 F.3d at 1240 n.8).

## ANALYSIS

Plaintiff raises two arguments. First, Plaintiff argues that the ALJ failed to properly assess the medical evidence of record. Tr. 11. Second, Plaintiff argues that the ALJ erred in concluding Plaintiff's impairments do not meet or equal, or functionally equal, a listed impairment.

### A. The ALJ properly assessed the medical evidence of record.

Plaintiff first argues that "the ALJ erred as a matter of law in failing to properly consider and explain both the medical and non-medical evidence submitted before him." Tr. 11. Along these lines, Plaintiff contends that the ALJ selectively cited from the record and ignored key evidence. Tr. 11-12. Plaintiff claims that this resulted in numerous inconsistencies in the ALJ's evaluation of the evidence as well as a mischaracterization of the record. Tr. 12.

1. Sadia Palmer, MS., C.C.C.-S.L.P.

Regarding the ALJ's assessment of Ms. Palmer's findings, Plaintiff argues that "even though he summarized Ms. Palmer's findings, there is nothing in the ALJ's rationale to suggest he actually took these assessments into consideration in determining the degree of functional limitation in the six different domains." ECF No. 32 at 12. Further, Plaintiff contends that the ALJ failed to articulate the weight that the ALJ accorded Ms. Palmer's opinions. *Id.*

In general, "an ALJ is 'required to state with particularity the weight he [gives] the different medical opinions and the reasons therefor.'" *Shaw v. Astrue*, 392 F. App'x 684, 686 (11th Cir. 2010) (quoting *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "However, there is no rigid requirement that the ALJ specifically refer to every piece of

evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [this Court] to conclude that [the ALJ] considered her medical condition as a whole.'" *Id.* (alterations in original) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)). Defendant asserts that Plaintiff "failed to identify any particular opinion she thinks the ALJ should have assigned weight to." ECF No. 35 at 14. The test results are not medical opinions. *See* 20 C.F.R. § 416.927(a)(2). Also, the ALJ's opinion evidences that he considered the test results, discussed them, and assessed severe impairments based on the results and Ms. Palmer's diagnosis, and found that Plaintiff had some limitations in some of the six functional areas.

The undersigned finds that the ALJ properly assessed Ms. Palmer's findings by thoroughly describing the results of the exams she conducted on Plaintiff. Tr. 17. Specifically, the ALJ noted that in March 2015, Ms. Palmer administered the Oral and Written Languages Scales (OWLS). Tr. 17. The ALJ discussed that Plaintiff earned standard scores of 76 in listening comprehension, 63 in oral expression, and 67 in oral composite. *Id.* Further, the undersigned finds that the ALJ included that these scores "placed him in the fifth, first, and first percentile rankings." *Id.* The undersigned concludes that the ALJ took Ms. Palmer's findings into account when determining the degree of functional limitation in the six different domains. Therefore, the undersigned rejects Plaintiff's argument that the ALJ's assessment failed to consider Ms. Palmer's findings.

2. <u>Christine Hernandez, M.S. C.C.C.-S.L.P. and Alyse Gilbert, Psy. D.</u>

Next, Plaintiff contends that the ALJ failed to articulate the weight he accorded to the opinions of both Ms. Hernandez, a speech and language pathologist, and Dr. Gilbert, a psychologist. However, Defendant states that even though the ALJ did not assign a

8

weight to Ms. Hernandez's opinions, Plaintiff "concedes that the decision shows he clearly relied on them in making his findings." ECF No. 35 at 14. Defendant further argues that the ALJ expressly discussed and relied on Ms. Hernandez's opinions and his findings were consistent with them; and any error in not stating the weight he afforded the opinion was harmless.  *Colon v. Colvin*, No. 15-14547, 2016 WL 4727993, at *2 (11th Cir. Sept. 12, 2016) (ALJ's error in not stating weight given to doctor's findings and in not mentioning findings of other doctors was harmless because opinions were consistent with ALJ's findings and ALJ's discussion did not leave court wondering how ALJ came to his decision.); *Sarria v. Comm'r of Soc. Sec.*, 579 Fed. Appx. 722, 724 (11th Cir. 2014) (Although ALJ did not state weight she gave to a consultant's opinion, error was harmless because opinion was consistent with ALJ's findings.).

The ALJ discussed Ms. Hernandez's findings at length. The ALJ noted, "as of September 2015, Christine Hernandez, M.S., C.C.C.-S.L.P., a speech-language pathologist, found that the claimant had a mild articulation disorder and an expressive language disorder." Tr. 17. Next, the ALJ goes on to discuss Plaintiff's scores on the TOLD-P:4 exam.  *Id.*  Plaintiff speculates that the ALJ does not appreciate the meaning of the TOLD-P:4 exam results.  The undersigned finds no evidence of this and finds that no misunderstanding of the results is demonstrated in his overall analysis of Ms. Hernandez's findings.

With respect to Dr. Gilbert's findings, the ALJ discussed them extensively in his decision. The ALJ noted that Dr. Gilbert "indicated that claimant was very cooperative during the evaluation. He exhibited stable, unremarkable mood and normal affect." Tr. 18. Further, the ALJ stated that Dr. Gilbert "assigned the following diagnoses: language

9

disorder; speech-sound disorder; and specific learning disorder, with impairment in written expression." *Id.* The ALJ discussed that Dr. Gilbert recommended tutoring in speech and pronunciation, as well as specific subjects such as reading, writing, and spelling. *Id.* Therefore, the failure to specify the weight afforded these opinions is harmless in that the details and the facts of the opinions provide this Court with ample information to show the basis of the ALJ's decision.

3. Jose Nardine Garcon, M.D.

Plaintiff next argues that the ALJ improperly accorded Dr. Garcon's opinion only "some weight." Plaintiff states, "the ALJ is attempting to discount Dr. Garcon's assessment despite its consistency with, and supportiveness of, the claimant's allegations." ECF No. 32 at 16. Defendant, however, suggests that Plaintiff's argument regarding Dr. Garcon is an "attempt to reweigh the evidence." ECF No. 35 at 15.

The undersigned finds that Defendant's argument on this issue has merit. The ALJ articulated specific reasons for assigning Dr. Garcon's opinion only "some weight." For example, the ALJ states the following:

> His conclusions are reasonably supported by his findings and observations, which revealed deficits in speech and communication, as well as problem with memory, attention, and concentration. I note, however, that this consultative examination was performed several years before the current application. More recently, the claimant's mother acknowledged 'significant improvements' due to speech therapy. The claimant was found to have average receptive language skills and mild impairment in expressive language skills. A consultative examination performed after the application date revealed no more than low average performance in both intellectual functioning and academic achievement. At the time, the claimant exhibited intact memory functions; additionally, no issues with attention and concentration were observed.

Tr. 20. The undersigned concludes that the ALJ gave specific reasons for according only "some weight" to the opinion of Dr. Garcon.

**B. There is substantial evidence to support the ALJ's finding that Plaintiff's impairments do not meet or equal, or functionally equal, a listed impairment.**

Plaintiff next argues that the ALJ erred in concluding that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments because "his rationale is not based on the substantial evidence of record." ECF No. 32 at 18. Plaintiff contends that the ALJ's assessment regarding the severity of his function limitations in the following four areas are not supported by substantial evidence of record: (1) acquiring and using information, (2) interacting and relating with others, (3) attending and completing tasks, and (4) caring for himself. The undersigned rejects this argument for reasons described below.

1. <u>Acquiring and using information.</u>

The ALJ concluded that Plaintiff has less than marked limitation in acquiring and using information. Tr. 22. The ALJ articulates his reasons for this conclusion. Specifically, the ALJ notes that although "the claimant's mother testified that he had difficulty following directions with more than two steps, the claimant exhibited intact memory functions at a consultative examination performed after the application date." Tr. 22. Furthermore, the ALJ discussed how testing of intellectual functioning and academic achievement showed findings in the low average range. Tr. 23. Plaintiff's mother also reported that he could use the phone, follow directions, do simple math problems, complete chores, and complete homework assignments. *Id.* Moreover, the ALJ described that although Plaintiff's education reports show that he had to repeat the first grade, there was improvement by the third grade. Further, "his mother reported that he made the silver

11

honor roll." Tr. 24. Last, the ALJ stated that one state psychological evaluator found that Plaintiff had either marked or less than marked limitation in acquiring and using information, and two additional state psychological evaluators found that Plaintiff had less than marked limitation in this domain.

As mentioned previously, the undersigned cannot review facts anew and re-weigh evidence. The undersigned finds that based on the ALJ's thorough explanation of his findings in this domain, there is substantial evidence in the record to support his conclusion.

2. <u>Interacting and relating with others.</u>

The ALJ found that Plaintiff has less than marked limitation in interacting and relating with others. Tr. 25. The ALJ points to the hearing testimony where Plaintiff's mother testified and discussed how although Plaintiff kept to himself, he would engage with others when they talked to him. Tr. 25. Additionally, although the mother claimed he sometimes became frustrated, she did not allege significant behavioral problems at home or school. *Id.* The ALJ also discussed how Plaintiff "exhibited stable and normal affect" at a psychological consultative examination. *Id.* Moreover, his education records do not express specific concerns related to his ability to respect others and resolve conflicts in an appropriate manner. *Id.* Additionally, the ALJ stated that state agency medical consultants determined that Plaintiff had less than marked limitation in this domain. *Id.*

3. <u>Attending and completing tasks.</u>

Plaintiff argues that substantial evidence does not support the ALJ's conclusion that Plaintiff has less than marked limitation in this domain. ECF No. 32 at 22. Defendant

contends that Plaintiff is again essentially asking the undersigned to "join her in reweighing evidence that the ALJ already considered." ECF No. 35 at 16.

The undersigned finds that there is substantial evidence in the record to support the ALJ's conclusion regarding this domain. The ALJ discussed a consultative examination that was performed after the application date. Tr. 24. This examination did not show significant problems with attention and concentration. Further, the ALJ noted that "the examiner indicated that the claimant answered questions in a careful and thoughtful manner without becoming frustrated by more challenging items." *Id.* The ALJ further pointed to Plaintiff's education records which show improvement leading into the third grade as well as his mother's testimony at the hearing where she stated that he made the silver honor roll. *Id.*

4. Caring for himself.

Plaintiff contends that there is not substantial evidence in the record to support the ALJ's finding that he has less than marked limitation in this domain. ECF No. 32 at 25. Defendant again argues that Plaintiff is asking this Court to reweigh evidence that the ALJ has already considered. ECF No. 35 at 16.

The undersigned finds that there is substantial evidence in the record to support the ALJ's finding in this domain. The ALJ points to the fact that Plaintiff can shower and dress himself, as evidenced by his mother's testimony at the hearing. Tr. 27. Further, the ALJ discussed how Plaintiff exhibited normal nonverbal behavior at a psychological consultative examination. *Id.* These behaviors included the following: normal facial expression, posture, and body movements. *Id.* Additionally, Plaintiff's mother testified that he enjoyed playing golf, table tennis, and video games.

Although there is evidence demonstrating that Plaintiff has suffered from issues in the above-referenced domains, there is substantial evidence in the record to support the ALJ's findings with respect to the degree of limitations those impairments caused. Given this, the undersigned finds that there is substantial evidence to support the ALJ's finding that Plaintiff's impairments do not meet or equal, or functionally equal, a listed impairment. To the extent Plaintiff cites to contrary evidence, the undersigned notes that this Court cannot "decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *Werner v. Comm'r of Soc. Sec.,* 421 F. App'x 935, 937 (11th Cir. 2011). So long as there is substantial evidence in support of the ALJ's finding, his decision must be affirmed. Accordingly, the undersigned finds the ALJ did not err in his determinations regarding Plaintiff's impairments.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned hereby RECOMMENDS that Plaintiff's Motion for Summary Judgment be DENIED and that Defendant's Motion for Summary Judgment be GRANTED.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and

Recommendation.  11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 16th day of August 2019.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Roy K. Altman
All Counsel of Record