UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62251-CIV-ALTMAN/Hunt

**DANIELLE MALCOLM**,
*on behalf of D.M.*,

      Plaintiff,

v.

**ANDREW SAUL**,
*Commissioner of the Social Security*
*Administration*,

      Defendant.

_____/

## ORDER

      **THE PARTIES** have filed cross-motions for summary judgment—*see* Pl. MSJ [ECF No.

32]; Def. MSJ [ECF No. 35]—which the Court referred to U.S. Magistrate Judge Patrick M. Hunt

for a Report & Recommendation ("R&R"). *See* Clerk's Directive [ECF No. 2]. In his R&R [ECF

No. 37], the Magistrate Judge recommended that the Plaintiff's MSJ be denied and that the

Defendant's MSJ be granted. *See* R&R at 1. The Plaintiff filed timely Objections. *See* Pl.

Objections [ECF No. 38]. The Court has conducted a *de novo* review of those portions of the R&R

to which the Plaintiff has objected[1] and, for the following reasons, does **NOT ADOPT** the R&R.

## BACKGROUND

      The Plaintiff, Danielle Malcolm, acting on behalf of D.M. (a minor), sought Disability

Insurance Benefits and/or Supplemental Security Income Benefits under the Social Security Act,

---

[1] *See* FED. R. CIV. P. 72(b)(3) ("*Resolving Objections.* The district judge must determine de novo
any part of the magistrate judge's disposition that has been properly objected to. The district judge
may accept, reject, or modify the recommended disposition; receive further evidence; or return the
matter to the magistrate judge with instructions.").

42 U.S.C. § 401, *et seq. See generally* Complaint [ECF No. 1]. After the Defendant[2] denied her

claim, she appealed first to an Administrative Law Judge ("ALJ")—who affirmed the Defendant's

decision—and then to the Appeals Council, which denied review of her case. *See* R&R at 2.

The ALJ concluded that D.M. was not disabled. *Id.* at 5-6. In saying so, the ALJ found that

D.M. suffers from two severe impairments—a speech-language disorder and a specific learning

disorder. *Id.* at 5. Nevertheless, the ALJ determined that these impairments—even taken

together—do not "meet or medically equal" the severity of one of the impairments listed in 20

C.F.R. Part 404, Subpart P, Appendix.[3]

On September 21, 2018, the Plaintiff filed her Complaint, in which she asks the Court to

overturn the ALJ's decision. *See generally* Complaint.

## THE LAW

The Court's review of the ALJ's decision is "limited to an inquiry into whether there is

substantial evidence to support the findings of the [ALJ], and whether the correct legal standards

were applied." *Wilson v. Barnhart*, 284 F.3d, 1219, 1221 (11th Cir. 2002). This determination—

whether the ALJ applied the correct legal standard—is a legal one subject to *de novo* review.

*Graham v. Bowen*, 90 F.2d 1572, 1575 (11th Cir. 1986) (citation omitted). "Substantial evidence

is more than a scintilla and is such relevant evidence as a reasonable person would accept as

adequate to support a conclusion." *Lewis v. Callahan*, 12 F.3d 1436, 1439 (11th Cir. 1997). The

Court may not, however, "reweigh the evidence, or substitute [its] judgment" for the ALJ's—even

if the "evidence preponderates against the [ALJ's] decision." *Bloodsworth v. Heckler*, 703 F.2d

---

[2] The Defendant is the Commissioner of the Social Security Administration.
[3] This Listing of Impairments "describes for each of the major body systems impairments" that the Social Security Administration considers to be "severe enough" to "prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *See* 20 C.F.R. § 404.1525(a).

1233, 1239 (11th Cir. 1983) (citation omitted).

## ANALYSIS

In her Objections, the Plaintiff does little more than repeat—often verbatim—the same arguments she raised in her MSJ. *See generally* Pl. Objections. In this way, many of her "objections" are procedurally improper. *See Holland v. Colvin*, No. 4:14-CV-194-VEH, 2015 WL 1245189, at *3 (N.D. Ala. Mar. 18, 2015) (in objecting to an R&R, a party may not simply restate the same arguments it presented to the magistrate judge) (citing *VanDiver v. Martin,* 304 F. Supp. 2d 934, 937-938 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented[,] is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context.")). That said, the Plaintiff does advance one argument that merits reversal here: the ALJ, she says, did not specify what weight, if any, he gave to the medical opinions of either D.M.'s clinical psychologist or the two speech-language pathologists.[4]

In deciding whether a claimant is disabled under the Social Security Act, the ALJ must first determine whether the claimant's impairments "meet or medically equal" the severity of one of the impairments listed in the regulations. *See* 20 C.F.R. §§ 416.924, 416.924a. That question, in turn, implicates the claimant's "functioning" across six "domains": (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4)

---

[4] Because the Court finds that this first argument merits reversal, the Court need not address the Plaintiff's alternative contention that the ALJ erred in concluding that D.M.'s impairments fail to "meet or medically equal" the impairments listed in 20 C.F.R. § 404.1525(a). *See* Pl. Objections at 8-16.

moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. *Id.* To "equal the listings," the claimant must either demonstrate "marked" limitations in two "domains" or else show an "extreme" limitation in one. *See* 20 C.F.R. § 416.926a(d).

This inquiry is necessarily subjective and requires the ALJ to evaluate medical opinions from physicians, psychologists, or other "acceptable medical sources that reflect judgments about the nature and severity of the claimant's impairments, including the claimant's symptoms, diagnosis and prognosis, what the claimant can still do despite impairments, and the claimant's physical or mental restrictions." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). At a minimum, however, the ALJ "must state with particularity the weight given to different medical opinions and the reasons therefor." *Id.* at 1179.

As the ALJ explained, D.M. was evaluated by at least nine different professionals, including five state doctors, two clinical psychologists, and two speech-language pathologists. *See generally* ALJ Decision. But, as relevant here, the ALJ only summarily described the findings of Dr. Gilbert (one of the two clinical psychologists) and the two speech-language pathologists, Sadia Palmer and Christine Hernandez. *Id.* at 19-21. Worse, although the ALJ *appears* to have relied on these three opinions in support of his conclusion that D.M. is *not* disabled,[5] he also determined—without *any* explanation—that these opinions failed to constitute the kinds of "opinion evidence" that, in the normal course, would require him to "state with particularity" the weight he attributed to each. *Id.* at 22. Instead, after summarizing the reports Gilbert, Palmer, and Hernandez submitted, the ALJ quickly transitioned into an analysis of what he described as the actual "opinion

---

[5] As the ALJ noted, for instance, Dr. Gilbert described D.M.'s prognosis as "fair to guarded" and characterized D.M.'s answers as "careful" and "thoughtful." *Id.* at 21.

4

evidence"[6]—specifically, the opinions of the five state doctors. *Id.* In doing so, the ALJ articulated in great detail the relative weight he accorded to each of *these* doctors' opinions—something he wholly failed to do with the opinions of Gilbert, Palmer, and Hernandez. *Id.*

Although the Social Security Administration's regulations have changed over time, the term "medical opinions"—as described by the regulations that governed in 2015, when the Plaintiff first filed her claim—*included* evidence from *both* psychologists *and* qualified speech-language pathologists. *See* 20 C.F.R. § 416.927 (explaining how an ALJ must evaluate "opinion evidence" for claims filed before March 27, 2017, and noting that "[m]edical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions"); *see also* 20 C.F.R. § 416.902(a) (qualified speech-language pathologists and licensed clinical psychologists are "acceptable medical sources").

But the ALJ seems not to have considered Gilbert, Palmer, and Hernandez to be "acceptable medical sources" at all. Nor, for that matter, did he treat their reports as containing "medical opinions." For this reason, perhaps, the ALJ never discussed whether—or to what extent—one or more of those three reports influenced his assessment of the degree of D.M.'s "functional limitation" across any of the six relevant "domains." In each of these respects, the ALJ erred. *See Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (in assessing medical evidence, the ALJ must both (1) state with particularity the weight he afforded to the various medical opinions he received and (2) explain why he treated each opinion as he did); *Lawton v. Comm'r of*

---

[6] Leaving no doubt about the extent to which he disregarded the opinions of Gilbert, Palmer, and Hernandez, this section of the ALJ Decision—in which he describes the state doctors' views—begins as follows: "As for the opinion evidence . . . ." ALJ Decision at 22.

*Soc. Sec.*, 431 F. App'x 830, 835 (11th Cir. 2011) (reversing and remanding where, as here, ALJ failed to explain the weight he gave to the opinions of the plaintiff's treating and examining physicians); *Maffia v. Comm'r of Soc. Sec.*, 291 F. App'x 261, 264 (11th Cir. 2008) (same); *Naranjo v. Colvin*, No. 8:13-CV-3216-T-EAJ, 2015 WL 12852970, at *4 (M.D. Fla. July 22, 2015) (because licensed or certified psychologists and qualified speech-language pathologists are "acceptable medical sources" whose opinions can establish an impairment, ALJ must state and explain the weight he afforded to those opinions).

It may be, as the Defendant suggests, that these three opinions would have had no effect on the ultimate outcome "[b]ecause the ALJ expressly discussed and relied on [the opinions]"— which, the Defendant says, were consistent with the ALJ's conclusions in any case. Def. MSJ [ECF No. 35 at 13-14]. But that is not necessarily true. As the ALJ pointed out, Palmer found that D.M. scored in the *fifth*, *first*, and *first* percentiles for listening comprehension, oral expression, and oral composite tests, respectively, and determined that he had a "receptive and expressive language disorder." ALJ Decision at 20. Hernandez, for his part, diagnosed D.M. with a "mild articulation disorder and an expressive language disorder." *Id.* And Dr. Gilbert described D.M. as suffering from a language disorder, a speech-sound disorder, and a specific learning disorder with significant impairment in written expression. *Id.* at 21. Without some explanation from the ALJ as to whether, and to what extent, any of these opinions were considered—and, if not, why not—the Court cannot meaningfully say that his decision was, taking *all* the opinion evidence together, supported by "substantial evidence."

The ALJ, in short, erred in failing: (1) to treat "as medical opinions" the reports of one

clinical psychologist and two licensed speech-language pathologists;[7] (2) to specify the weight he gave to each of these three opinions; and (3) to demonstrate how his conclusion about the quality of D.M.'s disability is consistent with *all* the medical evidence he reviewed.

*** 

After careful consideration of the entire record, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 37] is **NOT ADOPTED**.

2. The Plaintiff's MSJ [ECF No. 32] is **DENIED**.

3. The Defendant's MSJ [ECF No. 35] is **DENIED**.

4. Pursuant to § 205(g) of the Social Security Act, this case is **REMANDED** to the Commissioner of Social Security for proceedings consistent with this Order. On remand, the Commissioner shall (1) state with particularity the weight he accords to each of the medical opinions he has received, and (2) explain whether—and to what extent—the reports submitted by Gilbert, Palmer, and Hernandez affect his conclusion about the nature of D.M.'s disability.

5. The Clerk is directed to **CLOSE** this case.

6. All other pending motions are **DENIED as moot**, all hearings are **CANCELLED**, and any deadlines are **TERMINATED**.

---

[7] If, on remand, the Commissioner continues to believe that Gilbert, Palmer, and Hernandez do not qualify as "acceptable medical sources"—and if this view leads him again to disregard their opinions—he must, at a minimum, explain why.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of February 2020.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record