UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62251-CIV-ALTMAN/Hunt

**DANIELLE MALCOLM**,
*on behalf of D.M.*,

    *Plaintiff*,

v.

**ANDREW SAUL,**
*Commissioner of the Social Security Administration*,

    *Defendant.*

_____/

## ORDER

After the Court remanded this case to the Commissioner of Social Security, the Plaintiff moved for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). *See* Motion for Attorney's Fees ("Motion") [ECF No. 41]. The Motion is now ripe for adjudication. *See* Response [ECF No. 42]; Reply [ECF No. 43]. For the reasons set forth below, the Motion is **DENIED**.

### THE FACTS

The parties are familiar with the facts, which we laid out in the Omnibus Order [ECF No. 40]. To recap: The Plaintiff, Danielle Malcolm, acting on behalf of D.M. (a minor), sought disability benefits under the Social Security Act. *Id.* at 1–2. When the Social Security Administration denied her claim, she appealed to an Administrative Law Judge ("ALJ"), who concluded that D.M. was not disabled (and therefore not entitled to benefits). *Id.* at 2. Although the ALJ found that D.M. suffered from two severe impairments—a speech-language disorder and a learning disorder—he determined that the impairments, taken together, didn't "meet or medically equal" the severity of the impairments listed in the relevant regulations. *Id.* The Plaintiff appealed to the Appeals Council, which denied

review. *Id.* She then sued in this Court to reverse the ALJ's decision. *Id.* The parties filed cross-motions for summary judgment, which the Court referred to the Magistrate Judge. *Id.* at 1. The Magistrate Judge issued a Report and Recommendation ("R&R") [ECF No. 37], in which he suggested that the Defendant's Motion for Summary Judgment be granted. As relevant here, the Magistrate Judge concluded that (1) there was substantial evidence in the record to support the ALJ's finding that D.M.'s impairments didn't meet or equal a listed impairment, and that (2) the failure to give weight to three of the nine medical professionals who had evaluated D.M.[1] was harmless error. *Id.* at 10, 11–13.

The Court refused to adopt the R&R. *See* Omnibus Order. In doing so, the Court didn't disagree with the Magistrate Judge about whether substantial evidence supported the ALJ's findings. Rather, the Court concluded that the ALJ had erred only by failing to explain the weight, if any, he gave to the three unmentioned medical opinions. *Id.* at 4. The ALJ, the Court explained, had an obligation to "state with particularity the weight given to different medical opinions and the reasons therefor," even though—as we recognized—our ultimate review was highly deferential to the ALJ's balancing of the evidence. *Id.* at 4 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011)). Without some explanation from the ALJ as to whether, and to what extent, he had considered any of these opinions—and, if not, why not—the Court couldn't meaningfully determine whether the ALJ's decision was supported by "substantial evidence." *Id.* at 6. The Court therefore remanded the case to the Commissioner for further proceedings. *Id.* at 7.

## THE MOTION

The Plaintiff now seeks $5,879.00 in attorneys' fees under the EAJA. *See generally* Motion. She argues that she's entitled to those fees because (i) she was the prevailing party, (ii) the Government's "litigation position" was unjustified, and (iii) the requested fees are reasonable. *See id.* at 8–11. In

---

[1] The three reports were those of D.M.'s clinical psychologist and his two speech-language pathologists. *See* Omnibus Order at 3.

response, the Commissioner advances only a single argument—that the Plaintiff isn't entitled to fees because its litigation position was reasonable. *See* Response at 2–3.

## THE LAW

To recover attorneys' fees under the EAJA, a plaintiff must satisfy five elements. *First*, the plaintiff must be the prevailing party in a lawsuit over which the court had jurisdiction. *See Jean v. Nelson*, 863 F.2d 759, 765 (11th Cir. 1988). *Second*, the Government's legal position must not have been substantially justified. *Id. Third,* the motion must be timely. *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). *Fourth*, the plaintiff must have had, when the complaint was filed, a net worth of less than $2 million. *See Fabre v. Saul*, 2020 WL 6702868, at *1 (S.D. Fla. Oct. 26, 2020), *report and recommendation adopted*, 2020 WL 6701916 (S.D. Fla. Nov. 13, 2020). And, *fifth*, no special circumstances render a fees award unjust. *See Comm'r Immigration & Naturalization Service v. Jean*, 496 U.S. 154, 158 (1990).

## ANALYSIS

The Commissioner concedes that the Plaintiff prevailed,[2] that the Motion was timely, that the Plaintiff was (as of the filing of the complaint) worth less than $2 million, and that no special circumstances render the fees award unjust. *See generally* Response. We therefore limit our analysis to the second element: whether the Government's position was substantially justified.

On this element, the Plaintiff says precious little. After quoting the Court's conclusion—that the ALJ erred by not discussing whether or to what extent the three medical reports influenced his decision—the Plaintiff maintains that, "consequently, the government's position was not substantially

---

[2] The Commissioner says that, "[a]lthough Plaintiff has prevailed in the sense that the Court remanded, it bears noting at the outset that both parties' motions for summary judgment were denied and Plaintiff's objections were procedurally improper." Response at 1. Since the Commissioner doesn't elaborate on this point, we take this as a concession that the "Plaintiff has prevailed." In any event, the Supreme Court has held that a Plaintiff prevails (for EAJA purposes) if a court orders a "sentence-four remand," *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993), which is precisely what we did here, *see* Omnibus Order at 7.

3

justified." Motion at 10. In other words, her view is that the Government's position couldn't have been justified *because* the Court reversed. In saying so, the Plaintiff mistakenly conflates two elements. Obviously, "a loss on the merits" doesn't mean that the Government's position was unjustified. *United States v. Gardiner*, 512 F. Supp. 2d 1270, 1273 (S.D. Fla. 2007) ("A loss on the merits does not itself, render the government's position not substantially justified." (quoting *White v. United States*, 740 F.2d 836, 839 (11th Cir. 1984))); *see also Monroe v. Comm'r of Soc. Sec. Admin.*, 569 F. App'x 833, 834 (11th Cir. 2014) ("The outcome of the underlying litigation is not dispositive as to whether the government's position was substantially justified.").

The Government, it's true, bears the burden of showing that its litigation position was substantially justified. *See, e.g.*, *De La Caridad Brito v. Saul*, 2020 WL 7248247, at *1 (S.D. Fla. Nov. 9, 2020), *report and recommendation adopted*, 2020 WL 7241360 (S.D. Fla. Dec. 9, 2020) (citing *Jean*, 496 U.S. at 160). But the Commissioner easily meets that burden here. The standard is reasonableness, after all, not certainty. *See United States v. Douglas*, 55 F.3d 584, at 588 (11th Cir. 1995) ("The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person'—i.e. when it has a reasonable basis in both law and fact." (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))). The Commissioner made colorable (though ultimately incorrect) arguments in its merits briefing—specifically, that the medical opinions *were* consistent with the ALJ's conclusion. *See* Defendant's Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment [ECF No. 36]. Indeed, the Court agreed with the Commissioner's view that the medical opinions *may well have been* consistent with the ALJ's decision, *see* Omnibus Order at 6 ("It may be, as the Defendant suggests, that these three opinions would have had no effect on the ultimate outcome . . . But that is not necessarily true.")—a possibility that, standing alone, renders the Government's position reasonable.

We note, too, the Magistrate Judge's twin findings—that substantial evidence in the record

supported the ALJ's conclusion and that any error was therefore harmless. *See* R&R at 10–14. We didn't address this part of the R&R in the Omnibus Order—though it's worth pointing out that the Eleventh Circuit has found similar errors harmless, especially when (as may be true here) the overlooked medical opinions are otherwise consistent with the ALJ's ruling. *See, e.g., Colon v. Colvin*, 660 F. App'x 867, 870 (11th Cir. 2016) (concluding that even though "the ALJ erred in not stating the particular weight that was given to [a doctor's report] . . . and in not mentioning the findings of [two other doctors] . . . that error was harmless" because "those medical opinions were consistent with the ALJ's conclusion"). And, to clarify, our view wasn't that the medical opinions necessarily contradicted the ALJ's decision. Our view, instead, was that, since the medical opinions weren't discussed, we couldn't tell (one way or the other) whether they supported the ALJ's conclusion or not. The Government thus reasonably believed that, consistent with Eleventh Circuit precedent, it could've won on harmless-error review.[3]

\*\*\*

Because the Commissioner's position was substantially justified, the Plaintiff's Motion [ECF No. 41] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 11th day of May 2021.

                                                                            **ROY K. ALTMAN**
                                                                            **UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

---

[3] Nor does the Plaintiff address the other substantial record evidence that supports the ALJ's decision. *See generally* Motion; Reply.